The Attorney General is in receipt of your opinion request in which you ask, in essence, the following questions: 1. Is it legal for a public service corporation or one of its wholly owned subsidiaries to own land or title thereto for private, residential or commercial development ? 2. Is it legal for a public service corporation or one of its wholly owned subsidiaries to own or hold title to land, in joint venture with other partners, in a commercial venture not necessary for the transaction and operation of its business as a public service corporation? The term "public service corporation" is defined in the Oklahoma Constitution, Article IX, Section 34, which states in part: "The term 'public service corporation' shall include all transportation and transmission companies, all gas, electric, heat, light and power companies, and all persons, firms, corporations, receivers or trustees engaged in said businesses, and all persons, firms, corporations, receivers or trustees authorized to exercise the right of eminent domain o having a franchise to use or occupy any right of way, street, alley or public highway, whether along, over or under the same, in a manner not permitted to the general public, and all persons, firms, corporations, receivers and trustees engaged in any business which is a public utility or a public service corporation, at the present time or which may hereafter be declared to be a public utility or a public service corporation." The Constitution of the State of Oklahoma further provides in Article XXII, Section 2: "No corporation shall be created or licensed in this state for the purpose of buying, acquiring, trading, or dealing in real estate other than real estate located in incorporated cities and towns and as additions thereto; nor shall any corporation doing business in this state buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such towns and cities and as additions to such towns and cities, and further except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed; nor shall any corporation be created or licensed to do business in this state for the purpose of acting as agent in buying and selling land: Provided, however, that corporations shall not be precluded from taking mortgages on real estate to secure loans or debts, or from acquiring title thereto upon foreclosure of such mortgages or in the collection of debts, conditioned that such corporation or corporations shall not hold such real estate for a longer period than seven years after acquiring such title: and, provided, further, that this section shall not apply to trust companies taking only the naked title to real estate in this state as a trustee, to be held solely as security for indebtedness pursuant to such trust: and, provided, further, that no public service corporation shall hold any land, or the title thereof, in any way whatever in this state, except as the same shall be necessary for the transaction and operation of its business as such public service corporation." Similarly, 18 O.S. 1.20 [18-1.20] (1971) provides: "a. No corporation of any sort, whether coming within the general scope of this Act or not, shall, except as herein provided, own, hold, or take any real estate located in this state outside of any incorporated city, or town, or any addition thereto. b. Nothing in this Act shall be construed as prohibiting the owning, holding, or taking of: (1) Such real estate as is necessary and proper for carrying on the business for which any corporation has been lawfully formed or domesticated in this state." These limitations on corporate powers are expressly recognized in 18 O.S. 1971 1.19 [18-1.19] in the provisions of the Oklahoma Business Corporations Act. The express language of these statutes has been interpreted as prohibiting a public service corporation from holding or owning land which is not necessary for the transaction of its business. Oklahoma Natural Gas Co. v. State ex rel, Vassar,187 Okl. 164, 101 P.2d 793 (1940). It is therefore clear that a public service corporation may not hold land which is not necessary for its business purposes as a public service corporation. Insofar as wholly owned subsidiaries are concerned, the mere fact that one corporation owns all of a majority of the stock in another corporation does not destroy the legal identity of the latter. However, if the subsidiary is organized and controlled in a manner which renders it a mere instrumentality of the parent, the operate identity of the corporations will not be extended to permit a corporation to evade its obligations or promote fraud or illegality. Rea v. An-Son Corporation,79 F.R.D. 25 (1978); Mid-Continent Life Insurance Co. v. Goforth, 143 P.2d 154 (1943). Under such circumstances, the "corporate veil" will be pierced to prevent the use of the corporate forms in perpetrating fraud or inequitable conduct. Edgar v. Fred Jones Lincoln Mercury, 524 F.2d 162
(Okl. 1975); Palmer v. Stokely, 255 F. Supp. 674 (Okl. 1966). Consequently, the form of parent and subsidiary corporations may not be used to circumvent the express statutory prohibitions against unnecessary land ownership. Therefore, the answer to your first question is in the negative. In response to your second question, 18 O.S. 1.19 [18-1.19] (12) (1979) vests corporations with the power to enter into general or limited partnerships. Further, the right of corporations to enter into joint venture agreements has long been recognized. Kashishke v. Baker,146 F.2d 113 (10th Cir, 1945), cert. den. 65 S.Ct. 1185,325 U.S. 856, 89 L.Ed. 1976. However, the use of partnerships or joint venture agreements to circumvent the application of the prohibitions is clearly contrary to the intent of the Legislature. Therefore, the answer to your second question is also in the negative. It is, therefore, the official opinion of the Attorney General that a public service corporation may not in itself or by the use of a wholly owned subsidiary, joint venture agreement or other artifice, hold or own land not necessary for the transaction and operation of its business as a public service corporation in violation of Article XXII, Section 2 of the Oklahoma Constitution. (STEPHEN F. SHANBOUR) (ksg)